1  Sebastian L. Miller (SBN 265793)
   sebastian@sebastianmillerlaw.com
2  SEBASTIAN MILLER LAW, P.C.
   3785 Via Nona Marie, Suite 203-E
3  Carmel, CA 93923
   Telephone: 408.348.1728
4  Facsimile:  408.716.3149

5  Attorneys for Plaintiffs
   RACHEL MONTELONGO, ALEJANDRA
6  MONTELONGO, ANDREA MONTELONGO

7                    UNITED STATES DISTRICT COURT

8                    NORTHERN DISTRICT OF CALIFORNIA

9                         SAN JOSE DIVISION

10

11 RACHEL MONTELONGO;                    Case No. 21-cv-235
   ALEJANDRA MONTELONGO;
   ANDREA MONTELONGO,                    Complaint For Damages:
12
                                         Claims Of Plaintiff Rachel Montelongo
13            Plaintiffs,
                                         (1) Disability Discrimination, Failure To Make
14      v.                                   Reasonable Accommodations For
                                             Plaintiff's Disabilities, Failure To Engage
15 VALLEY HARVEST, LLC;                      Plaintiff In A Good Faith Interactive
   NUG FARMS,                                Process (Cal. Gov. Code § 12940(a),
16                                           (m)(1), (n) / 42 U.S.C. § 12112(a), (b)(5))
              Defendants.
17                                       (2) Retaliation Against Plaintiff For Requesting
                                             Accommodations For Her Disabilities (Cal.
18                                           Gov. Code § 12940(h), (m)(2) / 42 U.S.C. §
                                             12203(a))
19                                       (3) Retaliation Against Plaintiff In Violation
                                             Of Cal. Labor Code §§ 1102.5 And 6310
20
                                         Claims Of Plaintiffs Alejandra Montelongo
21                                       And Andrea Montelongo

22                                       (4) Retaliation In Violation Of Federal Law (42
                                             U.S.C. § 12203(a) / 42 U.S.C. § 2000e-3)
23                                       (5) Retaliation In Violation Of California Law
                                             (Labor Code §§ 1102.5 And 6310 / Gov.
24                                           Code § 12940(h), (m))

25                                       DEMAND FOR JURY TRIAL

26

27

                                       1
                        PLAINTIFFS' COMPLAINT FOR DAMAGES

1

**I.      INTRODUCTION**

2      1.      This is a retaliatory termination case.  The Plaintiffs are three sisters who worked in

3   hourly positions as laborers at a cannabis farm in Salinas, California.  All three sisters were fired on

4   August 13, 2020.  Executives and representatives of the owners and operators of the cannabis farm

5   where Plaintiffs worked made the decision to fire the sisters.  They did so with the input and/or consent

6   of the owners and operators of the farm labor contractor that originally hired the Plaintiffs and placed

7   them in their jobs.  Plaintiffs contend that the defendants came to regard them as complainers and

8   irritants after the sisters engaged in the protected activities set forth in this complaint and then fired them

9   in retaliation for those protected activities.  The protected activities are summarized below.

10      2.      In July and August 2020, all three sisters complained that they were not being paid for

11   the time they spent waiting in line for pre-shift COVID checks, something that they believed violated

12   state and federal wage laws.  They also complained about the lack of social distancing that occurred in a

13   structure where employees needed to clock in for work.  The sisters took pictures that confirmed dozens

14   of people were packed into a small room in violation of state and local COVID laws.

15      3.      During this same period, each of the sisters advocated on behalf of female workers who

16   did not want to work overtime without at least receiving prior notice that overtime work would be

17   needed.  The employees needed to return home for childcare and family care obligations.  But, if they

18   worked overtime without notice, no one would be there to care for other people at their homes.  These

19   employees were concerned about the safety and well being of their children and elderly and disabled

20   family members.  The sisters relayed these concerns, which disparately affected female workers, on

21   behalf of Spanish-speaking workers who struggled to advocate for themselves.

22      4.      In August 2020, Plaintiffs Andrea and Rachel Montelongo complained about injuries

23   they experienced because they were not provided with gloves or other PPE after they were assigned a

24   job that involved using Clorox bleach to disinfect bags.  They alleged that this was unsafe.

25      5.      Finally, in early August 2020, Rachel Montelongo came to understand that she was

26   suffering from post-partum depression.  She requested intermittent leave from work as a reasonable

27

2
PLAINTIFFS' COMPLAINT FOR DAMAGES

1    accommodation for her disability.  On August 12, 2020, Rachel Montelongo had to leave work to treat

2    her depression.  Her sisters, Alejandra and Andrea Montelongo, left work with her.  The three sisters

3    were fired the next day.  This constitutes a failure to accommodate Rachel and disability discrimination

4    against her as well as retaliation against all three sisters for exercising their legal rights.

5              6.       In this complaint, the sisters now allege that their employers, which are the two named

6    Defendants and the entities described in more detail below, violated: (i) the anti-discrimination

7    protections of the California Fair Employment and Housing Act ("*FEHA*") and the Americans with

8    Disabilities Act of 1990 ("*ADA*"); (ii) the anti-retaliation provisions of FEHA, the ADA and Title VII of

9    the Civil Rights Act of 1964 ("*Title VII*"); and (iii) the whistleblower protections of Sections 1102.5(b)-

10   (c) and 6310 of the California Labor Code.

11   **II.       PARTIES**

12             7.       Plaintiff Rachel Montelongo is a resident of Salinas, California.  Throughout the period

13   that is relevant to this lawsuit she was employed by Defendants in Salinas, California.

14             8.       Plaintiff Alejandra Montelongo is a resident of Salinas, California.  Throughout the

15   period that is relevant to this lawsuit she was employed by Defendants in Salinas, California.

16             9.       Plaintiff Andrea Montelongo is a resident of Salinas, California.  Throughout the period

17   that is relevant to this lawsuit she was employed by Defendants in Salinas, California.

18             10.      Defendant Valley Harvest, LLC ("*Valley*") is a California corporation.  Its nerve center is

19   in Salinas, California.  It employed each of the Plaintiffs in Salinas, California.  Since the company is

20   incorporated in California and has its nerve center in California, it is a citizen of California.  At all

21   relevant times, Valley has had more than twenty employees.  Each of the Plaintiffs received her

22   paychecks from Valley.

23             11.      Defendant Nug Farms is a trade name that refers to a cannabis farm located at 360

24   Espinosa Road in Salinas, California ("*The Facility*").  Each of the Plaintiffs worked at The Facility

25   from June-August 2020.  Plaintiffs believe that Nug Farms is owned and controlled by a conglomerate

26   called Cannabis Strategic Ventures ("*CSV*") and/or one of CSV's affiliates.  CSV is a publicly traded

27

1   company with the ticker symbol NUG.  CSV owns and controls a company called 360 Espinosa Road II,

2   LLC, which holds a commercial lease at The Facility.  That lease was in effect while Plaintiffs worked

3   there.  For the remainder of this complaint, Plaintiffs use the defined term "***NUG***" to refer to CSV and

4   360 Espinosa Road II, LLC as well as their respective affiliates as may be identified subsequently in

5   discovery and named in an amended complaint as needed.  NUG hired Valley to procure labor to work

6   at The Facility.  In addition, NUG's managers directed and controlled the decisions by Valley to hire

7   and fire Plaintiffs and others.  At all relevant times, NUG has had more than twenty employees.

8   ### III.    JURISDICTION

9           12.    Plaintiff Rachel Montelongo alleges claims for employment discrimination under the

10   ADA.  The ADA is a federal statute.  A sub-section of the ADA, 42 U.S.C. § 12117, expressly provides

11   that the jurisdictional statute set forth in 42 U.S.C. § 2000e-5(f)(3) applies to an action brought under the

12   ADA.  42 U.S.C. § 2000e-5(f)(3) grants the United States District Court for the Northern District of

13   California original jurisdiction over Rachel Montelongo's ADA claims pursuant to 28 U.S.C. § 1331

14   because: (i) Defendants engaged in alleged disability discrimination in this judicial district; (ii)

15   Defendants maintain Plaintiff's employment records in this judicial district; and (iii) Plaintiff would

16   have continued to work in this judicial district but for the alleged unlawful employment practice.

17           13.    Rachel Montelongo also alleges claims under FEHA and the California Labor Code.

18   Those claims arise out of the same course of retaliatory and discriminatory conduct by Defendants that

19   violated the ADA.  Accordingly, Ms. Montelongo's claims under FEHA and the California Labor Code

20   are part of the same case and controversy as her claims under the ADA.  Under 28 U.S.C. § 1367, this

21   Court has supplemental jurisdiction over Plaintiff's claims under FEHA and the California Labor Code.

22           14.    Plaintiffs Alejandra Montelongo and Andrea Montelongo allege claims for retaliation in

23   violation of the ADA and Title VII, which are federal statutes.  Title VII and the ADA provide that the

24   jurisdictional statute set forth in 42 U.S.C. § 2000e-5(f)(3) applies to actions brought under the ADA

25   and Title VII.  42 U.S.C. § 2000e-5(f)(3) grants the United States District Court for the Northern District

26   of California with original jurisdiction over Plaintiffs' claims under the ADA and Title VII pursuant to

27

1    28 U.S.C. § 1331 because: (i) Defendants engaged in alleged unlawful retaliation in this judicial district;

2    (ii) Defendants maintain the employment records of Alejandra Montelongo and Andrea Montelongo in

3    this judicial district; and (iii) Plaintiffs would have continued to work in this judicial district but for the

4    alleged unlawful employment practice

5           15.    Alejandra Montelongo and Andrea Montelongo also allege claims under FEHA and the

6    California Labor Code.  Those claims arise out of the same retaliatory conduct by Defendants that

7    violated the ADA and Title VII.  Accordingly, the claims under FEHA and the California Labor Code

8    are part of the same case and controversy as the claims under the ADA and Title VII.  Therefore,

9    pursuant to 28 U.S.C. § 1367 this Court has supplemental jurisdiction over the claims that Alejandra

10   Montelongo and Andrea Montelongo allege under FEHA and the California Labor Code.

11   **IV.    VENUE**

12          16.    42 U.S.C. § 2000e-5(f)(3) provides that an action under the ADA or Title VII may be

13   filed in any federal judicial district in the state in which: (i) the unlawful employment practice is alleged

14   to have been committed; (ii) the employment records relevant to such practice are maintained and

15   administered; or (iii) the aggrieved person would have worked but for the alleged unlawful employment

16   practice.  The United States District Court for the Northern District of California is the appropriate

17   venue for this case under each of those standards.  Rachel Montelongo alleges that she experienced

18   employment discrimination and retaliation in violation of the ADA while she was employed in Salinas,

19   California.  Alejandra and Andrea Montelongo allege that they experienced retaliation in violation of the

20   ADA and Title VII while they were employed in Salinas, California.  Each of the Plaintiffs would have

21   continued to work in Salinas but for Defendants' decision to fire them for unlawful reasons.  The

22   relevant records and witnesses are in Salinas, CA or elsewhere within this judicial district.  A substantial

23   part of the events at issue in this case occurred in this judicial district.  Last, Defendants reside in this

24   district pursuant to 28 U.S.C. § 1391(c)(2) and 28 U.S.C. § 1391(d).

25   **V.    INTRA-DISTRICT ASSIGNMENT**

26          17.    Pursuant to Civil L.R. 3-2(e), this action should be assigned to the San Jose Division of

27

1   the United States District Court for the Northern District of California because a substantial part of the

2   events or omissions which give rise to the claims alleged herein occurred in Salinas, California—which

3   is in Monterey County.  This action is not one of the types described in Civil L.R. 3-2(c) and, therefore,

4   the district-wide venue provisions set forth therein are not applicable.

5   **VI.     IDENTITY OF THE DEFENDANTS AND RELATIONSHIP BETWEEN THEM**

6       18.     Valley is a farm labor contractor.  Plaintiffs were hired by Valley and received their

7   paychecks from Valley.  Valley placed Plaintiffs to work at The Facility.  Plaintiffs performed all their

8   work at The Facility.  NUG hired Valley to place labor at The Facility.  NUG leased land and equipment

9   at The Facility.  NUG provided the equipment needed to operate at The Facility.  NUG's employees and

10  owners directed and oversaw Valley's operations.  NUG had the power to control Plaintiffs' work and

11  their working conditions and wages and did exercise that control.  NUG, through its employees,

12  representatives, owners, managers, and supervisors, directed or advised Valley to terminate Plaintiffs'

13  employment.  Valley acceded to that directive.

14  **VII.    RACHEL MONTELONGO EXPERIENCED DISABILITY DISCRIMINATION AND**

15  **UNLAWFUL RETALIATION; ALEJANDRA AND ANDREA MONTELONGO**

16  **EXPERIENCED UNLAWFUL RETALIATION**

17      19.     Valley hired Alejandra Montelongo to work in NUG's cloning operations at The Facility.

18  She started work at The Facility around June 11, 2020.  Rachel Montelongo was hired by Valley to work

19  as a general laborer for NUG at The Facility.  She started work at The Facility around June 22, 2020.

20  Andrea Montelongo was hired by Valley to work in general labor for NUG at The Facility.  She began

21  employment around June 24, 2020.  All the Montelongo sisters were fired on August 13, 2020.  During

22  their brief employment, the Montelongos engaged in many activities that are legally protected.

23      20.     First, between August 6-7, 2020, Andrea and Rachel Montelongo were asked to use

24  Clorox bleach to wash hundreds of large bags into which harvested marijuana would be loaded.  It took

25  many hours to complete this task.  Defendants did not supply gloves for this work and, as a result their

26  hands developed severe irritations and burns.  Andrea and Rachel complained to Andrea Garcia, one of

27

Defendants' executives, asserting that they needed gloves and shade.  They asserted that the failure to provide them with gloves and shade was dangerous and unlawful.  This is protected activity under Sections 1102.5 and 6310 of the California Labor Code.

21.     Second, at various points in July and August, each of the Montelongo sisters noted that workers were not being paid for the time that they were required to stand in line for temperature checks and other screenings for COVID-19.  They asserted that the failure to pay wages for this time violated federal and state law.  The Montelongo sisters presented this issue to the individuals who were organizing and administering the temperature checks, all of whom had the ability to cause Defendants to pay workers for their time.  Thus, Plaintiffs engaged in protected activity under Section 1102.5 of the California Labor Code.

22.     Third, after workers completed a COVID check and entered The Facility, they clocked into work in a small structure, basically a trailer.  Often, dozens of people would pack into this room waiting to insert a punch card into a machine.  Each of the Montelongo sisters complained about the lack of social distancing in this building.  They made this complaint to Defendants' executives, any of whom could have corrected this violation of health and safety laws.  The Montelongo sisters took pictures that confirmed dozens of people were packed into a small room.  This is protected activity under Sections 6310 and 1102.5 of the California Labor Code.

23.     Fourth, each of the Montelongo sisters speaks English fluently.  In contrast, many of Defendants' employees spoke limited English.  There were many instances where one or more of the Montelongo sisters used their language skills to advocate for other workers.  For example, there were a few occasions when Defendants directed a large group of employees to stay at The Facility and work overtime.  For various reasons, including family care needs, some workers were unable to work overtime. The Montelongo sisters communicated these needs to Defendants' management on behalf of their fellow workers—arguing that it was unlawful to require employees to stay late at work and thereby endanger children, parents and other family members.  This is protected activity under Title VII.

24.     Fifth, in July and August 2020, Rachel came to understand that she was experiencing

PLAINTIFFS' COMPLAINT FOR DAMAGES

1  post-partum depression following the birth of a child six months earlier.  Around August 6, 2020,

2  Rachel informed Andrea Garcia that she was "suffering from post-partum depression," that she "felt

3  bad," and that she "might miss work."  Around August 8, 2020, Rachel informed her supervisor Jesse

4  that she was "feeling depressed and down."  On August 12th, Rachel left work early to deal with her

5  depression.  Both Alejandra and Andrea left work early with Rachel on August 12, 2020 and they

6  communicated to Andrea Garcia that they were helping Rachel deal with her depression.  Subsequently,

7  Rachel offered to provide Defendants with a doctor's note that confirmed her conditions.  Post-partum

8  depression is a mental disability under FEHA and the ADA.  In seeking time off to treat this disability,

9  Rachel engaged an activity that is protected under FEHA and the ADA: seeking a reasonable

10  accommodation for her disability.

11      25.  On August 13, 2020, an employee from Defendants' human resources department named

12  Mark placed a phone call to Andrea Montelongo and told her that she and her two sisters were all being

13  fired.  Mark asked Andrea to communicate this message to her sisters.  He told Andrea that she and

14  Rachel had been fired because they had been working too slowly ("slacking off") and because they

15  arrived five minutes late to work on August 10th.  Mark told Andrea that they could all pick up their

16  final paychecks on the next day.  When the Montelongo sisters picked up their final checks, they were

17  also told that Alejandra had been fired because she overwatered certain plants.

18      26.  The justifications that Defendants offered for firing the Montelongos were pretextual.

19  The employees who supervised the Montelongo sisters all agree that they were hard workers and good

20  performers.  Further, many employees were late to work but were not fired.  In fact, Defendants had a

21  policy that employees could only be let go if they were tardy four times—whereas the Montelongos

22  were late only once.  In addition, another employee named Jasmine arrived at work at the same time as

23  the Montelongo sisters on August 11th, but she was not disciplined.  Finally, the overwatering incident

24  involved at least five other employees in addition to Alejandra, but none of these other employees were

25  fired or disciplined.

26      27.  Thus, Defendants were clearly lying about why they fired the Montelongo sisters. The

27

close temporal proximity between the Montelongo sisters' complaints and their discharge as well as statements from their supervisors confirming that they were all good workers reveals that the real reason Defendants fired the Montelongo sisters was that Defendants believed the sisters were complainers.  This is an unlawful reason for firing them because the sisters' complaints concerned violations of health and safety laws, minimum wage laws, family rights protections, and the proper treatment of Rachel's disability.  Further, Defendants associated each of the Montelongo sisters with each other.  They commuted to work together and engaged in protected activities together.  Thus, there was an element of associational discrimination and retaliation in each of the claims that are alleged in this lawsuit.

## VIII.   EACH PLAINTIFF TIMELY EXHAUSTED HER ADMINISTRATIVE REMEDIES

28.     On January 7, 2021, each of the Plaintiffs filed a separate charge of discrimination and retalaition with the United States Equal Employment Opportunity Commission (the "***EEOC***").  Each of the charges made and encompassed the claims each Plaintiff now makes in this lawsuit: (i) Rachel Montelongo alleged disability discrimination, failure to accommodate, failure to engage in an interactive process, and retaliation in violation of the ADA as well as Title VII; (ii) Alejandra and Andrea Montelongo alleged retaliation in violation of the ADA and Title VII.

29.     Each of the Plaintiffs received Notices of Right to Sue from both the EEOC and the California Department of Fair Employment and Housing ("***DFEH***") on January 7, 2021.  Those Notices of Right to Sue permit each of the Plaintiffs to bring the claims under FEHA and the ADA that are encompassed in this action.  Thus, each of the Plaintiffs timely exhausted her administrative remedies under FEHA and ADA and timely filed an action against the Defendants following such exhaustion.

## IX.     ALLEGATIONS REGARDING CONDUCT BY DEFENDANTS THAT: (1) WAS TAKEN WITH RECKLESS DISREGARD FOR THEIR LEGAL OBLIGATIONS; AND (2) WAS FRAUDULENT, MALICIOUS AND OPPRESSIVE

30.     Plaintiffs seeks punitive damages based on conduct that was fraudulent, malicious and oppressive within the meaning of Cal. Gov. Code § 3294 as well as conduct that was taken with reckless

1    disregard for Plaintiffs' rights under ADA and Title VII.  The conduct at issue is as follows.

2          31.     First, Rachel Montelongo explicitly requested a leave of absence as an accommodation

3    for her post-partum depression.  Leaves of absence are one of the most common forms of

4    accommodation under the ADA and FEHA.  Rachel made this request to one of Defendants' human

5    resources employees.  A leader in human resources either knew or should have known that by firing

6    Rachel Montelongo rather than granting her request for an accommodation, Defendants were failing

7    honor the requirements of the ADA and FEHA.  This conduct justifies punitive damages under 42

8    U.S.C. § 1981a(b)(1) because Defendants' employees knew there was a substantial risk that they were

9    causing Defendants to violate the ADA by failing to accommodate Plaintiff or engage her in a good faith

10   interactive process to do so.  A large award of punitive damages is warranted given that Defendants

11   knew Rachel Montelongo was physically and emotionally vulnerable and the time they fired her.

12         32.     Second, Plaintiffs allege that Defendants' executives engaged in both intentional

13   discrimination and intentional retaliation.  This conduct is malicious and oppressive because any form of

14   intentional discrimination or retaliation is despicable and subjects an employee to hardship in conscious

15   disregard of their right to be free from discrimination and retaliation in employment.

16         33.     Third, after Plaintiffs were fired, their attorney delivered a letter to Defendants that

17   identified the discriminatory and retaliatory conduct that is now discussed in this complaint.  It gave

18   Defendants an opportunity to correct the unlawful conduct.  Defendants did not do so.  This constitutes

19   authorization and ratification of fraudulent, malicious and oppressive conduct.  It also constitutes a

20   failure to repudiate conduct that was recklessly indifferent to Plaintiffs' federally-protected rights.

21   **X.     CLAIMS FOR RELIEF**

22                    **FIRST CLAIM FOR RELIEF – BY RACHEL MONTELONGO**

23                                **AGAINST ALL DEFENDANTS**

24   **Disability Discrimination, Failure To Make Reasonable Accommodations For Plaintiff's**

25   **Disabilities, Failure To Engage Plaintiff In A Good Faith Interactive Process**

26   **(Cal. Gov. Code § 12940(a), (m)(1), (n) / 42 U.S.C. § 12112(a), (b)(5))**

27

1   Plaintiffs hereby incorporate by reference Paragraphs 1 through 33 of this Complaint as if fully

2   set forth herein and for a first claim for relief allege as follows.

3   34.   Defendants are both covered employers under FEHA and the ADA.  Plaintiff Rachel

4   Montelongo was a covered employee.  During Plaintiff's employment with Defendants, she was an

5   individual with disabilities, including post-partum depression.  Plaintiff's disability limited one or more

6   of her major life activities (working, among others).  Defendants were aware of Plaintiff's disability

7   because she and her sisters had previously disclosed the disability to Defendants' managers.  Plaintiff

8   also explicitly requested accommodations for her disability.  Defendants fired Plaintiff one day after she

9   left work for the day as an accommodation for her disability.  At no point did Defendants suggest

10  alternative accommodations that they might provide to Plaintiff or engage in any other conduct that

11  would constitute engagement in a good faith interactive process.  Thus, Defendants failed to engage in a

12  timely, good faith, interactive process to accommodate Plaintiff's disabilities and failed to make

13  accommodations for her (unpaid, intermittent leave, to take one example).  Defendants also engaged in

14  disability discrimination.  Plaintiff was harmed by Defendants' failure to engage in an interactive

15  process, failure to make accommodations and engage in disability discrimination.  She has lost income

16  since August 2020 and will continue to lose income—which may or may not be subject to partial or

17  complete mitigation—for many years in the future. She has also experienced stress, anxiety and worry in

18  her personal life, which continues to this day.  Defendants' conduct was taken with reckless indifference

19  to Defendants' legal obligations and was undertaken with malice, fraud and oppression.

20  **SECOND CLAIM FOR RELIEF – BY RACHEL MONTELONGO**

21  **AGAINST ALL DEFENDANTS**

22  **Retaliation Against Plaintiff For Requesting Accommodations For Her Disabilities**

23  **(Cal. Gov. Code § 12940(h), (m)(2) / 42 U.S.C. § 12203(a))**

24  Plaintiffs hereby incorporate by reference Paragraphs 1 through 34 of this Complaint as if fully

25  set forth herein and for a second claim for relief allege as follows.

26  35.   Defendants are both covered employers under FEHA and the ADA.  Plaintiff Rachel

27

1   Montelongo was a covered employee.  During Plaintiff's employment with Defendants, she was an

2   individual with disabilities, including post-partum depression.  Plaintiff's disabilities limited one or

3   more of her major life activities (working, among others).  Defendants were aware of Plaintiff's

4   disabilities because she and her sisters had previously disclosed the disability to Defendants' managers.

5   Plaintiff also explicitly requested accommodations for her disabilities.  Defendants fired Plaintiff one

6   day after she left work as an accommodation for her disability.  Plaintiff contends that Defendants fired

7   her in retaliation for her assertion of her right to receive an accommodation for her disability and for

8   requesting an accommodation.  Plaintiff was harmed by Defendants' retaliatory termination of her

9   employment.  She has lost income since August 2020 and will continue to lose income—which may or

10   may not be subject to partial or complete mitigation—for many years in the future.  She has also

11   experienced stress, anxiety and worry in her personal life, which continues to this day.  Defendants'

12   conduct was taken with reckless indifference to Defendants' legal obligations and was undertaken with

13   malice, fraud and oppression.

14                       **THIRD CLAIM FOR RELIEF – BY RACHEL MONTELONGO**

15                                         **AGAINST ALL DEFENDANTS**

16              **Retaliation In Violation Of California Labor Code §§ 1102.5 And 6310**

17          Plaintiffs hereby incorporate by reference Paragraphs 1 through 35 of this Complaint as if fully

18   set forth herein and for a third claim for relief allege as follows.

19          36.      As set forth in the preceding paragraphs, Plaintiff Rachel Montelongo opposed practices

20   that she believed were unlawful and practices that she believed rendered her workplace unsafe.  She

21   presented that opposition to her superiors and other employees of Defendants who had the capacity to

22   fix the legal violations.  Defendants responded by terminating Plaintiff's employment.  Thus, Plaintiff's

23   protected activity was a contributing factor and a substantial motivating factor for Defendants' decision

24   to terminate her employment.  Plaintiff was harmed by Defendants' retaliatory termination of her

25   employment.  She has lost income since August 2020 and will continue to lose income—which may or

26   may not be subject to partial or complete mitigation—for many years in the future.  She has also

27

1 experienced stress, anxiety and worry in her personal life, which continues to this day.  Defendants'

2 engaged in intentional retaliation with malice, fraud and oppression under California law.

3 **FOURTH CLAIM FOR RELIEF – BY ANDREA AND ALEJANDRA MONTELONGO**

4 **AGAINST ALL DEFENDANTS**

5 **Retaliation In Violation Of Federal Law**

6 **(42 U.S.C. § 12203(a) / 42 U.S.C. § 2000e-3)**

7 Plaintiffs hereby incorporate by reference Paragraphs 1 through 36 of this Complaint as if fully

8 set forth herein and for a fourth claim for relief allege as follows.

9 37.     Defendants are covered employers under Title VII and the ADA.  During their

10 employment with Defendants, Plaintiffs Alejandra Montelongo and Andrea Montelongo were closely

11 associated with their sister, Rachel Montelongo, who had the disability of post-partum depression.

12 Between August 1-12, 2020, Plaintiffs spoke with Defendants managers and supervisors on behalf of

13 Rachel.  They facilitated Rachel's requests for accommodations and her attempt to take unpaid leave as

14 a reasonable accommodation.  On August 12, 2020, Alejandra and Andrea left work with Rachel so that

15 she could treat her post-partum depression.  One day later, they were all fired.  Plaintiffs allege that they

16 were fired in retaliation for leaving work with Rachel when facilitating an accommodation for her

17 disability.  Therefore, they experienced violations of the ADA because of their association with Rachel,

18 a disabled person, and their assertion of Rachel's rights under the ADA to be accommodated.  Further,

19 both Andrea and Alejandra Montelongo spent time in July and August 2020 advocating on behalf of

20 other female workers who did not want to work overtime unless they received prior notice that overtime

21 would be needed.  These workers spoke Spanish and struggled to advocate for themselves.  But they

22 needed to return home for childcare and family care obligations.  If they worked overtime without

23 notice, they were concerned about the safety and well-being of their children and elderly and disabled

24 family members.  This was protected activity under Title VII, as it opposed practices that

25 disproportionately harmed their female colleagues and constituted a form of gender discrimination.

26 Defendants were motivated to terminate Plaintiffs because they were angered by their engagement in

27

1   this protected activity under Title VII.  Plaintiffs were harmed by Defendants' decision to fire them in

2   violation of the ADA and Title VII.  They have lost income since August 2020 and will continue to lose

3   income—which may or may not be subject to partial or complete mitigation—for many years in the

4   future. They have also experienced stress, anxiety and worry in their personal life, which continues to

5   this day.  Defendants' engagement in intentional retaliation was taken with reckless indifference to their

6   legal obligations under the ADA and Title VII.

7   **FIFTH CLAIM FOR RELIEF – BY ANDREA AND ALEJANDRA MONTELONGO**

8   **AGAINST ALL DEFENDANTS**

9   **Retaliation In Violation Of California Law**

10   **(California Labor Code §§ 1102.5, 6310 / California Government Code § 12940(h), (m))**

11   Plaintiffs hereby incorporate by reference Paragraphs 1 through 37 of this Complaint as if fully

12   set forth herein and for a fifth claim for relief allege as follows.

13   38.   As set forth in the preceding paragraphs, Plaintiffs Alejandra Montelongo and Andrea

14   Montelongo opposed practices that they believed were unlawful and practices that they believed

15   rendered their workplace unsafe: (i) Andrea discussed Defendants' failure to provide her with PPE when

16   she was asked to use Clorox bleach to wash bags; (ii) both Alejandra and Andrea discussed the lack of

17   social distancing in the room where employees clocked in to work; (iii) both Alejandra and Andrea

18   discussed the failure to pay wages to employees during periods when they waited to complete COVID

19   checks.  Plaintiffs presented that opposition to their superiors and other employees of Defendants who

20   had the capacity to fix the legal violations and the unsafe practices.  Defendants responded by

21   terminating Plaintiffs' employment.  Plaintiffs' engagement in protected activity was a contributing

22   factor and a substantial motivating factor for Defendants' decision to terminate their employment.

23   Further, as set forth in the immediately preceding paragraph, Plaintiffs spoke with Defendants managers

24   and supervisors on behalf of their sister, Rachel, and facilitated Rachel's requests for accommodations

25   as well as Rachel's decision to take unpaid leave as a reasonable accommodation.  On August 12, 2020,

26   they left work with Rachel so that she could treat her post-partum depression.  One day later, they were

27

1   all fired.  Plaintiffs allege that they were fired in retaliation for leaving work as an accommodation for

2   Rachel's disability and helping her seek accommodations.  Therefore, they experienced violations of

3   FEHA because of their association with Rachel, a disabled person, and their assertion of Rachel's rights

4   under and FEHA to be accommodated.  Plaintiffs were harmed by Defendants' retaliatory termination of

5   their employment.  They have lost income since August 2020 and will continue to lose income—which

6   may or may not be subject to partial or complete mitigation—for many years in the future.  They have

7   also experienced stress, anxiety and worry in their personal life.  Defendants' engagement in intentional

8   retaliation was taken with as malice, fraud and oppression under FEHA and other provisions of

9   California law.

## PRAYERS FOR RELIEF

11   **WHEREFORE,** Plaintiffs pray for judgment against Defendants as follows.

12   1.       ***On Plaintiffs' First Claim For Relief***: (a) economic damages for Plaintiff Rachel

13   Montelongo's lost wages (back pay, front pay, other lost compensation and benefits), according to proof

14   but in an amount that exceeds $50,000 and that may continue to accrue; (b) non-economic damages in

15   an amount according to proof, but up to the statutory cap of $300,000 under ADA and in excess of the

16   statutory cap under California law; (c) punitive damages under Cal. Civ. Code § 3294 and 42 U.S.C. §

17   1981a(b)(1) according to proof; and (d) reasonable attorney's fees, costs of suit and expert witness fees

18   under Cal. Gov. Code § 12965(b) and 42 U.S.C. § 2000e-5.

19   2.       ***On Plaintiffs' Second Claim For Relief***: (a) economic damages for Plaintiff Rachel

20   Montelongo's lost wages (back pay, front pay, other lost compensation and benefits), according to proof

21   but in an amount that exceeds $50,000 and that may continue to accrue; (b) non-economic damages in

22   an amount according to proof, but up to the statutory cap of $300,000 under ADA and in excess of the

23   statutory cap under FEHA; (c) punitive damages under Cal. Civ. Code § 3294 and 42 U.S.C. §

24   1981a(b)(1) according to proof; and (d) reasonable attorney's fees, costs of suit and expert witness fees

25   under Cal. Gov. Code § 12965(b) and 42 U.S.C. § 2000e-5.

26   3.       ***On Plaintiffs' Third Claim For Relief***: (a) economic damages for Plaintiff Rachel

27

1  Montelongo's lost wages (back pay, front pay, other lost compensation and benefits), according to proof

2  but in an amount that exceeds $50,000 and that may continue to accrue; (b) non-economic damages in

3  an amount according to proof; (c) penalties of at least $10,000 under Cal. Labor Code § 1102.5(f); (d)

4  punitive damages under Cal. Civ. Code § 3294; and (e) reasonable attorney's fees and costs of suit under

5  Cal. Labor Code § 1102.5(j) and Cal. Code of Civ. Proc. § 1021.5.

6      4.      ***On Plaintiffs' Fourth Claim For Relief***: (a) economic damages for the lost wages (back

7  pay, front pay, other lost compensation and benefits) of Plaintiffs Alejandra Montelongo and Andrea

8  Montelongo, according to proof but in an amount that exceeds $100,000 and that may continue to

9  accrue; (b) non-economic damages, according to proof, but up to the statutory cap of $300,000 under the

10 ADA and Title VII; (c) punitive damages under 42 U.S.C. § 1981a(b)(1) up to the statutory cap of

11 $300,000; and (d) reasonable attorney's fees and costs of suit under 42 U.S.C. § 2000e–5.

12     5.      ***On Plaintiffs' Fifth Claim For Relief***: (a) economic damages for the lost wages (back

13 pay, front pay, other lost compensation and benefits) of Plaintiffs Alejandra Montelongo and Andrea

14 Montelongo, according to proof but in an amount that exceeds $100,000 and that may continue to

15 accrue; (b) non-economic damages in an amount according to proof; (c) penalties of at least $10,000

16 under Cal. Labor Code § 1102.5(f); (d) punitive damages under Cal. Civ. Code § 3294; and (e)

17 reasonable attorney's fees and costs of suit under Cal. Labor Code § 1102.5(j) and Cal. Code of Civ.

18 Proc. § 1021.5.

19     6.      ***On All Of Plaintiffs' Claims For Relief***: pre-judgment and post-judgment interest,

20 including on Plaintiff's damages for lost wages and upon a showing of malice, fraud or oppression.

21     7.      ***On All Of Plaintiffs' Claims For Relief***: a tax gross up for any increased income taxes

22 that each Plaintiff will pay on a lump-sum award of back pay as a result of the Plaintiff being pushed

23 into a higher tax bracket than she would have occupied had she been paid wages incrementally over

24 several years, with this tax gross up being in an amount according to proof, after trial, and being made

25 by the Court under the authority set forth in 42 U.S.C. § 2000e-5(g)(1) (authorizing "any other equitable

26 relief as the court deems appropriate") as applied under the doctrine set forth in *Clemens v. Centurylink*

27

1 | *Inc.*, 874 F. 3d 1113, 1117 (9th Cir. 2017).

2 |       8.       Such other and further legal and equitable relief as the Court deems just and proper.

3

4 |                                                RESPECTFULLY SUBMITTED,

5

6 | Dated: January 11, 2021                        SEBASTIAN MILLER LAW, P.C.

7

8 |                                         By:    */s/ Sebastian L. Miller*
                                                   Sebastian L. Miller
9 |                                                Attorneys for Plaintiffs
                                                   RACHEL MONTELONGO, ALEJANDRA
10 |                                               MONTELONGO, ANDREA MONTELONGO

11

12 |                              **DEMAND FOR JURY TRIAL**

13 |         Plaintiffs hereby request trial by jury on all issues as may be so tried.

14

15 | Dated: January 11, 2021                       SEBASTIAN MILLER LAW, P.C.

16

17 |                                        By:    */s/ Sebastian L. Miller*
                                                  Sebastian L. Miller
18 |                                               Attorneys for Plaintiffs
                                                  RACHEL MONTELONGO, ALEJANDRA
19 |                                              MONTELONGO, ANDREA MONTELONGO

20

21

22

23

24

25

26

27

17
PLAINTIFFS' COMPLAINT FOR DAMAGES